```
UNITED STATES DISTRICT COURT                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK               DOCUMENT
------------------------------- X           ELECTRONICALLY FILED
MIGUEL RIVERA,                  :           DOC #: _____
                                :           DATE FILED: 03/11/2020
             Plaintiff,         :
                                :
     -against-                  :           No. 17 Civ. 6456 (JFK)
                                :           OPINION & ORDER
HOBART CORPORATION and ITW FOOD :
EQUIPMENT GROUP LLC,            :
                                :
             Defendants.        :
------------------------------- X
```

APPEARANCES

FOR PLAINTIFF MIGUEL RIVERA:
    Pro se

FOR DEFENDANTS HOBART CORPORATION & ITW FOOD EQUIPMENT GROUP LLC:
    Jonathan B. Kromberg
    DARGER ERRANTE YAVITZ & BLAU LLP
    Emily B. Wright (on brief)
    THOMPSON HINE LLP

**JOHN F. KEENAN, United States District Judge:**

    Defendants Hobart Corporation ("Hobart") and ITW Food Equipment Group LLC ("ITW") (together, "Defendants"), commercial food equipment manufacturers, bring a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 to dismiss Plaintiff Miguel Rivera's ("Rivera") claims of negligence in the design, manufacture, and sale of a commercial dough mixer that allegedly caused substantial injury to Rivera's hand. For the reasons set forth below, Defendants' motion is GRANTED.

**I. Facts**

The following facts are taken from Defendants' statement pursuant to Local Civil Rule 56.1,[1] (ITW Food Equip. Grp.'s Statement of Material Facts ("Defs.' 56.1"), ECF No. 29), and the admissible evidence that Defendants submitted by affidavit, (Aff. of Jonathan Kromberg in Supp. Mot. Summ. J. ("Kromberg Aff."), ECF No. 26). Rivera did not oppose Defendants' summary judgment motion or file a counterstatement to Defendants' Rule 56.1 statement.[2]

**A. Plaintiff's Claims**

On May 17, 2017, Rivera initiated this action in New York Supreme Court, Bronx County, by filing a verified complaint that

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b).

[2] In the Second Circuit, a party's failure to respond to a Rule 56.1 statement allows any facts asserted in that statement to be deemed admitted. See Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); Jones v. Lamont, No. 05 Civ. 8126 (LAK), 2008 WL 2152130, at *1 (S.D.N.Y. May 22, 2008) ("In view of [pro se] plaintiff's failure to respond to the motion, the well supported factual allegations set forth in defendants' Rule 56.1 statement are deemed admitted."), aff'd, 379 F. App'x 58 (2d Cir. 2010); see also Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014).

2

asserted claims of negligent design, negligent manufacturing, and breach of express and implied warranties against ITW and Hobart, the brand name of the commercial dough mixers ITW manufactures and distributes. (Ex. A to Kromberg Aff. ("Compl."), ECF No. 26-1.) Rivera alleged that, as a result of Defendants' negligently designed and manufactured commercial dough mixers, he was injured on October 7, 2016, when his hand was "caught" in one of Defendants' mixers, which "caused [him] to sustain severe and permanent injuries." (Id. ¶¶ 33, 40.) Rivera further alleged that the mixer "reached [him] without substantial change in its condition." (Id. ¶ 28.)

The case proceeded to discovery, during which Defendants demanded that Rivera provide a verified bill of particulars and the production of other relevant documents regarding his claims. (Defs.' 56.1 ¶ 3.) Rivera, however, failed to respond to the discovery requests or make himself available for a deposition. (Id. ¶ 4.) Defendants moved to compel production. (Id.) While their motion was pending, however, Defendants removed the action to this Court. (Id. ¶ 5.) To date, Rivera has not responded to any of Defendants' discovery requests. (Id.)

### B. Material Facts

On July 18, 2017, ITW engineer David Vrabel traveled to the location where Rivera's former counsel had advised Defendants that Rivera was working when he was injured. (Id. ¶ 6-7.)

3

Vrabel inspected the mixer at that location—a Hobart model L800 that, at the time of Vrabel's inspection, was not equipped with an interlocking bowl guard. (Id.) This was significant because the basic parts of a commercial mixer, such as the L800 at issue in this a case, consist of a mixer, bowl guard, agitator, and mixing bowl. (Id. ¶ 10.) In order for the agitator to rotate, the mixer must be turned on and the interlocked bowl guard must be in place. (Id.) When in use, the mixing bowl is raised so that the agitator is down inside the bowl, the bowl surrounds the agitator, and the bowl guard surrounds the top of the bowl. (Id.) As designed, the interlock will not allow the mixer to run unless the bowl is in the raised position and the bowl guard is in place around the mixing bowl. (Id.)

Vrabel obtained a "Machine Report" for the mixer based on its serial number, which showed that it was manufactured by ITW in September 1988 with an interlocked bowl guard. (Id. ¶ 8.) The mixer was originally purchased by BJ's Wholesale Club in Westborough, Massachusetts. (Id.) On May 8, 2018, Vrabel again inspected the mixer, this time taking photographs which demonstrate how the mixer's interlocked bowl guard and associated parts had been removed after the mixer was manufactured and sold by Defendants. (Id. ¶ 9.)

Vrabel's report also confirmed that Underwriters Laboratories and NSF International (formerly known as National

Sanitation Foundation) both evaluated the mixer's design and both found that it complied with the applicable industry standards for commercial motor-operated food preparation equipment. (Id. ¶ 11.) Vrabel opined that the mixer was not defective in design or manufacture, was not unreasonably dangerous, and was reasonably safe for its intended purpose of mixing ingredients. (Id. ¶ 12.) Vrabel's report further stated that the mixer's design did not pose a substantial likelihood of harm. (Id.) Finally, Vrabel opined that the mixer was substantially altered by the removal of its interlocked bowl guard and associated parts after the mixer had left Defendants' control in September 1998. (Id. ¶ 13.)

### C. Procedural History

On June 15, 2018, the parties agreed to exchange information related to Defendants' liability. (Aff. of Adnan Munawar in Supp. Mot. to Withdraw as Pl.'s Counsel, ECF No. 21, ¶ 2.) Defendants provided Rivera with the results of their inspection of the mixer and, after consideration of the produced documents, Rivera was notified by his former counsel of the findings. (Id. ¶ 2-3.) Rivera's former counsel made certain recommendations to him and also advised him that if he chose not to follow their advice, they would be forced to withdraw from representing him. (Id. ¶ 3.) Rivera's former counsel further advised him that, should he elect to proceed pro se or with a

different lawyer, Defendants would seek relief directly against him. (Id.) Rivera's counsel made numerous attempts to connect with Rivera after the initial call, but their inquiries were ignored. (Id. ¶ 4.) As a result, on July 2, 2018, Rivera's counsel moved to withdraw from representing him due to "irreconcilable differences." (Id.)

On July 5, 2018, the Court granted the motion. (ECF No. 22.) The Court ordered this action stayed for 30 days to allow Rivera the opportunity to obtain new counsel or to continue pro se. (Id.) The Court further ordered that, if Rivera or his new counsel did not appear at a status conference on August 28, 2018, Defendants would be allowed to move for summary judgment at that time. (Id.) Rivera failed to appear and Defendants' instant motion timely followed. On or around September 25, 2018, Defendants served copies of their summary judgment motion and all supporting documents on Rivera personally and by mail. (Aff. of Jonathan Kromberg for Proof of Service, ECF No. 25-1, ¶¶ 3-5.) Rivera did not oppose the motion or respond to it in any way.

**II. Legal Standard**

Summary judgment is appropriate where the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Psihoyos v. John Wiley & Sons, Inc.,

748 F.3d 120, 123–24 (2d Cir. 2014). "In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation marks omitted); see also Brandon v. Kinter, 938 F.3d 21, 31 (2d Cir. 2019).

"It is the movant's burden to show that no genuine factual dispute exists." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). "However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013) (brackets, citations, and internal quotation marks omitted). Further, to survive a summary judgment motion, a nonmovant "need[s] to create more than a 'metaphysical' possibility that his allegations [a]re correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial.'" Wrobel v. Cty. of Erie, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting

7

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)).  The nonmoving party "may not merely rest on the allegations or denials of his pleading." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).

"Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014); see also Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (per curiam) ("The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically.").  Accordingly, before granting an unopposed motion the Court must ensure that (1) the movant has met its burden of demonstrating that no genuine issues of material fact exist, and (2) the undisputed facts show that the moving party is entitled to judgment as a matter of law. See Vermont Teddy Bear, 373 F.3d at 244.  In evaluating whether the movant has met this burden, the court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement," but rather "[i]t must be satisfied that the citation to evidence in the record supports the assertion." Id.

## III. Analysis

Defendants argue that Rivera's claims fail as a matter of law because (1) Rivera has offered no expert testimony or other admissible evidence that the mixer was defectively or negligently designed or manufactured; (2) the mixer was substantially modified after it left Defendants' control; and (3) Rivera's warranty claims are barred by the statute of limitations. The Court begins with Defendants' dispositive argument that no genuine dispute exists regarding the condition of the mixer when it left Defendants' possession and control.

"It is well settled that a manufacturer, who has designed and produced a safe product, will not be liable for injuries resulting from substantial alterations or modifications of the product by a third party which render the product defective or otherwise unsafe." Amatulli by Amatulli v. Delhi Constr. Corp., 571 N.E.2d 645, 649 (N.Y. 1991); see also State Farm Fire & Cas. Co. v. Nutone, Inc., 426 F. App'x 8, 9 (2d Cir. 2011) (summary order) ("[A] manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries.") (brackets in

original) (quoting Robinson v. Reed-Prentice Div. of Package Mach. Co., 403 N.E.2d 440, 441 (N.Y. 1980)).

Defendants argue that no genuine dispute exists regarding whether a substantial alteration was made to the mixer after it left Defendants' control, which rendered the machine unsafe and caused Rivera's injuries. The Court agrees.

First, Defendants have offered concrete proof in the form of the Machine Report that the mixer left their possession with an interlocked bowl guard. (Defs.' 56.1 ¶ 8.) Rivera has not offered any testimony or evidence to the contrary—he does not even contest that, when he was injured, the mixer was substantially altered through the removal of the bowl guard and associated parts.

Second, Defendants have offered expert testimony that, as originally designed and shipped, the mixer complied with all applicable industry standards, was reasonably safe for its intended use, and the only way the mixer could even operate was with the (now missing) bowl guard in place around the mixing bowl. (Id. ¶¶ 10–11.) Rivera has not offered any testimony or evidence to the contrary.

Accordingly, summary judgment in favor of Defendants is appropriate. See Ramos v. Howard Indus., Inc., 885 N.E.2d 176, 179 (N.Y. 2008) (holding summary judgment should have been granted where plaintiff failed to rebut defendant's prima facie

showing that the product was not defective); <u>Pichardo v. C.S. Brown Co., Inc.</u>, 35 A.D.3d 303, 304 (1st Dep't 2006) (affirming summary judgment in favor of defendant manufacturer where modifications were made by a third party which rendered the product unsafe); <u>see also</u> <u>Robinson</u>, 403 N.E.2d at 444 ("Material alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility.").

**IV. Conclusion**

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 25, enter judgment in favor of Hobart Corporation and ITW Food Equipment Group LLC, and close this case.

**SO ORDERED.**

Dated: New York, New York
March 11, 2020

John F. Keenan
United States District Judge

11